(72 Misc. Rep. 584.)

## In re CAVANAUGH'S WILL.

(Surrogate's Court, Rensselaer County. June, 1911.)

1. WILLS (§ 423*)—CONCLUSIVENESS—VALIDITY OF PROBATE.

The judgment of the Supreme Court in an action authorized by Code Civ. Proc. § 2653a, to determine the validity of the probate of a will declaring the probate invalid and the will null and void, is conclusive against all of the parties, unless a new trial be granted or the judgment reversed or vacated.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 911–913; Dec. Dig. § 423;* Judgment, Cent. Dig. § 1303.]

2. WILLS (§ 398*)—PROBATE—EFFECT OF TRANSFER OF CAUSE—POWER OF SURROGATE'S COURT.

That an appeal has been taken from a judgment of the Supreme Court declaring the probate of a will invalid does not lessen the present force and effect of the judgment, or permit the Surrogate's Court to consider the alleged will as valid and subsisting.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 398.*]

3. EXECUTORS AND ADMINISTRATORS (§§ 31, 461*)—APPOINTMENT AND TENURE—ANNULMENT OF PROBATE.

Letters testamentary issued upon the original probate of a will are only evidence of the appointment and authority conferred by the will before the probate and enlarged and extended after probate, and, when the will is declared void and the probate invalid, the authority of the executor ceases, and, upon the revocation of his letters, the surrogate should require an accounting in accordance with Code Civ. Proc. § 2603.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 186–190, 1986; Dec. Dig. §§ 31, 461.*]

4. EXECUTORS AND ADMINISTRATORS (§ 22*)—APPOINTMENT—TEMPORARY ADMINISTRATORS.

An appeal having been taken from the judgment of the Supreme Court declaring the probate of a will invalid, an application for the appointment of a temporary administrator is authorized under Code Civ. Proc. § 2670, authorizing such application when delay necessarily occurred in the granting of letters testamentary or letters of administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 116–127; Dec. Dig. § 22.*]

5. WILLS (§ 398*)—PROBATE—EFFECT OF TRANSFER OF CAUSE—PROCEEDINGS IN SURROGATE'S COURT.

If an appeal is taken from the judgment of the Supreme Court declaring the probate of a will invalid, and a prior will is offered for probate in the Surrogate's Court or letters of administration are applied for, the surrogate should suspend proceedings until the final determination of the Supreme Court action, and on such final determination, if the will

be sustained, he may issue new letters testamentary to the executor named in the will, or, if it be not sustained, he may take the probate of another will, or grant letters of administration.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 398.*]

6. WILLS (§ 395*)—APPOINTMENT—REVOCATION—EFFECT—"PARTY AGGRIEVED."

Where the Supreme Court adjudges a probate invalid, and the surrogate revokes letters testamentary before an appeal is taken from the judgment of the Supreme Court, such revocation does not affect adversely the right of the executor to appeal, since, as executor named in the will, he is a "party aggrieved" when probate of the will is denied, and is entitled to appeal.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 395.*

For other definitions, see Words and Phrases, vol. 1, pp. 273–278; vol. 8, pp. 7569–7570.]

7. EXECUTORS AND ADMINISTRATORS (§ 31*)—AUTHORITY—TERMINATION.

Person named as executor in a will which has been denied probate or declared invalid has no right to have in his hands the funds of the estate for the purpose of prosecuting an appeal from the judgment or decree.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 31.*]

Proceedings on application to probate an alleged last will and testament of Patrick Cavanaugh. Decree entered.

Peck & Behan (John H. Gleason, of counsel), for petitioner.
Thomas F. Phelan, special guardian.
Thomas F. Powers, special guardian.
Thomas F. Galvin, for Annie B. Cavanaugh.

HEATON, S. Application has been made for the probate of the alleged last will and testament of Patrick Cavanaugh, late of the city of Troy, deceased, dated the 23d day of September, 1904.

On the 19th day of February, 1907, this court admitted to probate the alleged last will and testament of the said Patrick Cavanaugh, dated the 15th day of February, 1906, and issued letters testamentary thereunder to Annie B. Cavanaugh, the sole executrix therein named. Upon such probate the witnesses to the will were orally examined, but no evidence was introduced in opposition to the probate of the will. Thereafter one of the heirs at law and next of kin of the said Patrick Cavanaugh, deceased, brought an action in the Supreme Court in this county under section 2653a of the Code of Civil Procedure for a judgment of said court declaring the probate of said will to be invalid and for a determination that the said will was not the last will and testament of the said testator. Such trial resulted in a verdict and judgment that the probate thereof was invalid, and that the said paper was not the last will and testament of the said deceased, a copy of which judgment was filed in this court on the 23d day of January, 1911.

Thereafter, on the 24th day of January, 1911, the alleged last will and testament of said Patrick Cavanaugh, dated the 23d day of September, 1904, was filed in this court together with a petition for the probate thereof, and citations duly issued to all parties interested. On the return of such citation, Annie B. Cavanaugh appeared specially

as executrix of the will of Patrick Cavanaugh and objected to the probate of the prior will then before the court, and stated that she was about to appeal from the judgment of the Supreme Court declaring the later will null and void, whereupon this proceeding was adjourned to the 24th day of February, 1911. Upon such day the notice of appeal spoken of was filed in this court, and the attorney for the said Annie B. Cavanaugh asked that she be made a party to this proceeding as executrix, which was granted. He also stated that he appeared for her individually.

In an informal discussion between the surrogate and the various counsel, it was conceded that a peculiar situation had developed, in view of the fact that an appeal had been perfected from the judgment of the Supreme Court denying probate to the later will, and that, so far as any record showed, the letters testamentary issued upon the probate of the later will were unrevoked by any action of the Supreme Court or of the surrogate, and that the probate of the earlier will now before the court and the grant of letters testamentary thereunder might raise peculiar legal complications. The surrogate requested that the various attorneys file briefs upon these questions, in order that proper procedure might be ascertained in the interest of all of the parties. Apparently this precise situation has not heretofore arisen, or, at least, has not been elucidated in any text-books or opinions of the courts.

[1] The judgment of the Supreme Court declaring the probate invalid and the will null and void is conclusive against all of the parties, unless a new trial be granted or the judgment thereon be reversed or vacated. Code Civ. Proc. § 2653a.

[2] The fact that an appeal has been taken from such judgment does not lessen the present force and effect of the judgment or permit this court to consider the alleged will as valid and subsisting, when the Supreme Court has declared it to be null and void. Mercantile Bank v. Corn Exchange Bank, 73 Hun, 78, 25 N. Y. Supp. 1068; Stevens v. Stevens, 69 Hun, 332, 23 N. Y. Supp. 520.

[3] The letters testamentary upon the original probate are only evidence of the appointment and authority conferred by the will before the probate and enlarged and extended after probate in accordance with the statutes of the state, and, when such will is declared to be null and void and such probate to be invalid, all authority in the executor named to act as such ceases, by reason of the fact that there can be no power and authority flowing from an alleged will adjudged to be null and void. People v. Barker, 150 N. Y. 57, 44 N. E. 785. When letters duly granted are revoked, the surrogate should require an accounting from the party whose letters are revoked and a transfer of the fund or property of the estate into court, or to a representative duly appointed. Code Civ. Proc. § 2603.

[4] An appeal having been taken and perfected from the judgment of the Supreme Court declaring the probate to be invalid and the alleged will to be null and void, there will be a necessary delay in determining whether said will is or is not entitled to be probated, and in granting letters testamentary thereunder, or letters of administration

as in the case of intestacy; and therefore in such a case an application for the appointment of a temporary administrator is authorized. Code Civ. Proc. § 2670. From these general principles the following method of procedure seems to be clearly indicated.

When a copy of the judgment of the Supreme Court declaring the probate to be invalid and the alleged will to be null and void is filed in the surrogate's office, the surrogate should immediately enter an order revoking the letters testamentary issued thereon and requiring the executor to render and settle an account of his proceedings. It is within the power of the surrogate alone to revoke letters granted by him. Matter of Hood, 98 N. Y. 363. If no appeal has been taken from the judgment and the time to appeal has expired, the surrogate may proceed to admit to probate a prior will in a proper case; or, if none is presented, he may grant letters of administration as in the case of intestacy.

[5] If an appeal from the judgment of the Supreme Court has been perfected and a prior will is offered for probate or letters of administration are applied for, he should suspend proceedings in either of such cases until the final determination of the Supreme Court action then upon appeal; and, in the meantime, upon a proper application being made, he should appoint a temporary administrator of the estate to whom the former executor may account in a proper proceeding and to whom the estate may be turned over for management and preservation. Upon a final determination of the action in the Supreme Court, the surrogate will then be in a position to issue new letters testamentary to the executor named in the will, if such will be finally sustained; or, in event that it be not sustained, to take the probate of another will, or to grant letters of administration, as the case may require, freed from the embarrassments and entanglements which might arise if in the first instance he admitted another will to probate or granted general letters of administration.

[6] If the letters testamentary are revoked before the executor has made and perfected his appeal from the judgment of the Supreme Court, such revocation does not affect him adversely, since he has the right to appeal from such judgment in his capacity as executor named in the alleged last will and testament, which is, in fact, the usual method of describing the appellant who, as executor named in a will, applies for its original probate before the surrogate and is defeated in such application. The person named as executor in a will is a "party aggrieved" when probate of the will is denied and is entitled to appeal. Matter of Rayner, 93 App. Div. 114, 87 N. Y. Supp. 23. It is not necessary that he should be acting under the color and authority of his letters testamentary to enable him to take such appeal.

[7] The person named as executor in a will which has been denied probate or declared to be invalid has no right to have in his hands the funds of the estate for the purpose of prosecuting an appeal from such judgment or decree. He may require the devisees and legatees named in the will to step in and relieve him from the obligations which he must necessarily incur in prosecuting the contest, as was clearly set forth in Dodd v. Anderson, 197 N. Y. 466, 90 N. E. 1137, 27 L. R. A.

(N. S.) 336. Or, if he elects to make or continue the contest upon his own responsibility, he is entitled to have in his possession or to use the funds of the estate therefor, but must pay such obligations as he incurs; and the courts of original or appellate jurisdiction which finally pass upon the questions of costs and allowances will direct the executor named in the will to be reimbursed for the same, in whole or in part, or to be charged personally with the same, in whole or in part, as shall seem to such courts to be just and equitable.

In accordance with the procedure above outlined, this application for probate of a prior will will be adjourned, pending the final determination of the case on appeal from the Supreme Court, and any party interested may make application for the appointment of a temporary administrator.

The letters testamentary heretofore issued to Annie B. Cavanaugh will .be revoked and canceled, and she will be ordered to render and settle the account of her proceedings as such executrix.

Decreed accordingly.