WILLIAM G. HELFRICH, Caveator,

*vs.*

CHARLES AUGUST YOCKEL, Executor.

*Caveat to Will—Interest of Caveator.*

An executor, whose appointment has been revoked by a subsequent will or by a codicil, is not entitled to maintain caveat proceedings against such later will or codicil, his right under the original will to serve as executor and to receive commissions for his services not constituting an interest in testator's property.

*Decided June 25th, 1923.*

Appeal from the Orphans' Court of Baltimore County.

Petition and caveat by William G. Helfrich as to a will executed by Frederick Yockel, by which Charles August Yockel was named as executor. From an order dismissing the petition and caveat, said Helfrich appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Floyd J. Kintner,* submitting on brief, for the appellant.

*Harry A. Kohlerman,* with whom was *Hugh A. Norman* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

The record in this case discloses that Frederick Yockel, on the seventh day of October, 1922, executed his will, in which he directed his executor to sell all the real estate owned by him at the time of his death and to pay one-third of the proceeds therefrom to his wife and the other two-thirds to his son, Charles A. Yockel, the appellee, and his daughter, Marjorie, share and share alike. His personal property he gave to his wife, son and daughter, in the same proportions, and concluded his will by appointing William G. Helfrich, the appellant, to serve as his executor without bond.

On the 29th day of November, 1922, the day of his death, Frederick Yockel executed a codicil to his will, whereby he revoked the appointment of William G. Helfrich as executor, and named his son, Charles A. Yockel, the appellee, to serve in that capacity. The codicil made no other change in the will.

On December 5th the will and codicil were filed for probate in the Orphans' Court of Baltimore County, and on the same day the appellant filed his petition caveating the codicil to the will.

The appellee, answering the petition, alleged among other things that the appellant had no interest in the estate of the testator entitling him to caveat the codicil.

After a hearing the court passed its order of December 14th, dismissing the petition and caveat on the ground that the appellant had "no right or interest in the property or estate of said testator necessary to maintain suit to caveat the codicil to the will." It was from that order that the appeal in this case was taken.

In some of the states the statutes provide that "any person having an interest" is entitled to institute caveat proceedings, yet in those states we find the decisions are not in harmony.

The diversity of conclusions arises largely from the difference in views as to what is meant by the term "any person having an interest."

In some jurisdictions the courts have held that by such term is meant that the caveator shall have an interest in the property of the testator in the event the will is annulled, while in other jurisdictions a much broader interpretation has been placed upon the term "any person having an interest."

In *Re Courson,* 4 N. J. Equity, 408, it was said that by such term was meant "all persons who might be injured by admitting a will or codicil to probate."

In *Elmore* v. *Stevens,* 174 Ala. 228, and *Stephens* v. *Richardson,* 189 Ala. 360, the term "any person interested" was interpreted to mean "any one who has an interest to be conserved by defeating the probate of a will or to be jeopardized by its establishment," but in the later case in the same court of *Braasch* v. *Worthington,* 191 Ala. 210, the court said that the phrase "any person interested," as used in the statute permitting contest of a will by any person interested therein, does not mean simply any person who is named as a beneficiary in the will, but, rather, any person who has a direct interest in the estate disposed of by the will; in other words, that the interest intended is not literally an interest in the will itself, but in its operation; and that a contestant of a will must have some direct legal or equitable interest in the decedent's estate in privity with him, such as heir, purchaser or beneficiary under another will, which would be destroyed or injuriously affected by the establishment of the contested will."

The statutes of this State do not define the class of persons who are entitled to maintain caveat proceedings, but this Court has done so in a number of decisions, including *Brewer* v. *Barrett,* 58 Md. 587; *Munnikhuysen* v. *McGraw,* 57 Md. 172; *Safe Deposit and Trust Co.* v. *Devilbiss,* 128 Md. 182.

In *Brewer* v. *Barrett* (*supra*) this Court said: "It is clear that a stranger or one having no interest in the property of a testator has no right to caveat his will. Interest in the property is the very foundation of the right to caveat," and in *Safe Deposit and Trust Co.* v. *Devilbiss* (*supra*) the court said, speaking through JUDGE THOMAS, "It would seem clear upon principle that only those who have an interest in the property of the testator in the event the will is annulled are entitled to caveat his will or to issues relating to its validity, and that the right of caveators to maintain their suit should be established before such issues are transmitted to a court of law for trial. Both of these propositions have, however, been distinctly settled in this State."

The exact question here presented, whether an executor, whose appointment has been revoked by a subsequent will or by a codicil to the will by which he was appointed, can maintain caveat proceedings against the later will or the codicil revoking his appointment, when in the event of the annullment of the will or codicil the only benefit or advantage accruing to him therefrom would be the right to serve as executor and to receive in compensation for his services such commissions as might be allowed him, has never been before this Court, or, at least, our attention has not been called to any case in which it was presented. The fact that such question has not been presented to this Court, we think, is largely due to the existence of the above mentioned rule, which is the recognized law of this State.

Mr. Joseph of the Maryland Bar, in his work, "Contest on Wills," page 5, says, "The generally conceded rule as to the right to caveat, is whether the caveator would be entitled to the property (of the testator) in the event that the will is set aside."

The question, however, has been before the courts of other states. In *Re Estate of Stewart,* 107 Iowa, 118, the court said: "We have no statute defining the qualifications of those who may contest the probate of a will, but we understand the

general rule to be that such action can be taken only by one who would have a beneficial interest in the estate, if there was no such will. This rule has received our express recognition heretofore in *Kostelecky* v. *Scherhart,* 99 Iowa, 120. See also *In Re Langevin's Will,* 45 Minn. 429 (47 N. W. Rep. 1133); *Reid* v. *Vanderheyden,* 5 Cow. 719; *Meyer* v. *Fogg,* 7 Fla. 292. The fact that an executor is to receive compensation out of the estate cannot be said to give him an interest therein, for he gets this only in return for services rendered. He is expected to give full value therefor. It is claimed, however, by appellants, that an executor has, by virtue of his office, a property interest in the personal estate. Any such interest is a mere naked trust upon which no such right as that here claimed can be predicated."

In support of his contention the appellee has cited other cases and authorities; while the appellant has supported his contention by the citation of cases which appear to be in conflict with *Re Estate of Stewart (supra).* But little assistance can be obtained from these decisions, which turned upon the statute of the particular state in which the case was tried, when the statutes of the different states differ in the language employed.

The appellant, a member of the Baltimore Bar, was unknown to the testator until the day next preceding the execution of the will, when he was introduced to the testator by the president of the Mercantile Bank of Baltimore, at whose suggestion the appellant had been sent for to come to that bank to draft the will of the testator. On the next day the will was executed and the appellant, who drew the will, was therein appointed executor, to serve without bond, with authority and direction to sell all the real estate of the testator and to pay all the proceeds therefrom to those named in the will to receive it.

The wife and his only children, the appellee and his sister, who take under the will with the codicil thereto, would also have taken in the same proportions under the will, had the

codicil not been executed. The codicil wrought no change in the will, except to substitute the son, the appellee, for the appellant, an apparent stranger to the testator, as his executor of the will. If no codicil had been executed and the appellant had qualified and acted as executor, the commissions received by him, not as beneficiary, but as executor, would have been paid to him for the services rendered by him as such executor, but as he is now relieved by the codicil of the duties he would have performed had he acted as executor, he receives no commission.

The right conferred upon the appellant by the will, as first executed, and withdrawn from him by the codicil, to serve as executor and to receive commissions for his services as executor when rendered by him, cannot we think be regarded as an interest in the property and estate of the testator entitling him to caveat the codicil.

The order of the orphans' court will, therefore, be affirmed.

*Order affirmed, with costs.*