# ORPHANS' COURT OF BALTIMORE CITY.

Filed December 22, 1926.

IN THE MATTER OF THE ESTATE OF MARGARETHA LANGHIRT, DECEASED.

*Coady & Farley* attorneys for petitioner.

*Vincent Demarco* and *John L. Sanford* attorneys for respondents.

GAITHER, J.—

Preliminary question arising out of the pleadings in the matter of the petition and caveat of Margaret Hicks.

The case was heard on December 8th, 1926, on the petition, answer and evidence offered by the respective parties, the evidence being the Estate Docket entries and the papers in the matter of the administration of the Estate of Margaretha Langhirt, of record in the Office of the Register of Wills.

The caveatrix is a daughter of the testatrix; her caveat contains allegations negativing the proper execution of the will and the mental capacity of the testatrix and charging undue influence and fraud used and exercised upon her and her want of knowledge of the contents and revocation of the will by her.

The answer was filed by the remaining executor as such, and all the other children of the testatrix, including the executor, who was a son, they all being legatees and devisees under the will.

The answer admits the allegations of the caveat as to the death of the testatrix and the relationship of all the parties to the cause. It denies all the other allegations and sets up the reverse thereof; and further, by way of exception and special plea alleges, that the caveatrix has not alleged nor shown in her petition and caveat such facts as are sufficient in law to remove and get rid of the estoppel of the caveatrix by reason of her actions heretofore in this Court and in this cause as set forth in paragraph two of the answer.

It was shown by the papers and proceedings in the administration of the estate of the testatrix, that on the 18th day of June, 1925, a notice of caveat was filed by the caveatrix, that on the first day of July, 1925, the will was filed by Charles Lee Merriken, Esq., who was in possession of the same, that on the 16th day of July, 1925, the notice of caveat was formally withdrawn and that on the 18th day of July, 1925, the will was duly proven and admitted to probate and that the caveatrix together with her brother, Matthew A. Langhirt, qualified as executors. No inventory has been filed by either of the executors. The only action taken by the executors was the filing of a petition praying that an order pass to pay the funeral bill of the testatrix.

Subsequent to the above events, to wit: on the 8th day of November, 1926, the caveatrix was relieved of her position as executrix, after having complied with all the previous requisites pertaining to a proceeding where an executor desires to resign from his position, thus leaving her brother the remaining and only executor. And on the same day the petition and caveat was filed.

The matter to be decided, as a preliminary question before the matter of pending issues can be decided is, Is the petitioner by her action in accepting the office of executrix and her subsequent action and conduct in the matter of administering the estate of the testatrix precluded and estopped from prosecuting her caveat.

Lord Coke as quoted in Bigelow on Estoppel, thus defines estoppel: "Estoppel was given because a man's own act or acceptance, stopped or closeth up his mouth to allege or plead the truth." The doctrine, says the learned author, was not formerly regarded with favor, but latterly any odium that might have been attached to it has been removed.

In search of definitions of the doctrine I find in "Bouvier's Law Dictionary" this definition, "The preclusion of a person from asserting a fact, by previous conduct inconsistent therewith on his own part or the part of those under whom he claims, or by an adjudication upon his rights, which he cannot be allowed to call in question. A preclusion in law which prevents a man from alleging or denying a fact in consequence of his own previous act, allegation or denial of a contrary tenor."

The doctrine it seems to me, to be, that the party pleading it, must show that the party against whom it is pleaded by his action and conduct has or will be benefited or that the other party has or will suffer loss, injury or damage if he is allowed to prosecute his suit, notwithstanding his previous action and conduct.

It was argued by counsel for the respondents that by accepting the office of executrix she is not only estopped from prosecuting her caveat but by the doctrine of election, she has thereby elected to stand by the will and that being her first choice, she is bound by it and estopped in pais.

In Woerner's American Law of Administration, Volume 1, page 403, he

528

states that "It has been held that where an executor proves the will, he cannot elect to take against it," and cites a case in North Carolina and one in Missouri, but further in the text the learned author states, "But in most States mere probate and qualifying as executor is not given such effect, and hence with better reason, the rule that this does not in itself, constitute an election to take the will as laid down."

The cases quoted by counsel for respondent, being all Maryland cases, are cases where the parties by their personal acts and conduct previously did some act inconsistent with the position taken in the then matter in controversy and are by reason thereof estopped. The cases are Fisher vs. Boyce, 81 Md. 32-52; Izer Case, 95 Md. 451-461; Izer Case, 96 Md. 495, and Meyers vs. Kooke, 146 Md. 471-5.

The opinion of the Court is that the act of the caveatrix in her acceptance of the office of executrix is not a personal act or one in her individual capacity, and there being no evidence of any acts of hers personally, as distinguished from her relation as executrix, prejudicial to the respondents or beneficial to herself or inconsistent with her present action which would work an estoppel. It has been held as stated by Woerner, that election depends upon the intention of the party in the particular case. There is no evidence of any intention on her part to stand by the will, other than the acceptance of the executorship, and by the law of most of the States it has been held, as said above, that such action in itself is not an election, nor does it work an estoppel.

In the case of Helfrich vs. Jockel, 143 Md. 371, it was held that an executor as such, has not such beneficial interest in an estate as to entitle him to caveat a will; now, if an executor as such, has no right to prosecute a caveat, why should a person be barred personally from prosecuting a caveat, which he would otherwise be entitled to do, because he accepted the office of executor, which in itself, gives him no beneficial interest in the estate of a testator. We do not feel that it should.

We found no decision of our Court of Appeals bearing directly on the matter at issue. Our decision is, that the doctrine of election and estoppel cannot be held or applied to the caveatrix in bar of her action; and that issues should be sent to a Court of Law to be tried by a jury as prayed in the petition and caveat and an order will be signed accordingly.