## WEBB v. LOHNES.

### No. 7070.

United States Court of Appeals for the District of Columbia.

Argued Feb. 8, 1938.

Decided March 28, 1938.

Claude A. Thompson and Julius C. Martin, both of Washington, D. C., for appellant.

H. L. McCormick, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and STEPHENS and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Clara York Allen died in the District of Columbia on October 12, 1934. No will was found and Webb, appellant, qualified as administrator. The appointment was made with the consent of the District of Columbia, to which, in the absence of relations within the fifth degree, Mrs. Allen's property would escheat under title 29, § 297, of the Code.

In January, 1936, Lohnes filed in the District Court a petition seeking to prove the existence of a lost will executed by Mrs. Allen and purporting to leave all her property to Mamie Hurst, of Fort Lauderdale, Fla. In July, 1936, the court granted an order, on petition of Webb, authorizing and directing him to employ counsel and defend the proceeding brought by Lohnes for the probate of the lost will. On trial of the issue, the jury returned a verdict in favor of Lohnes. The judgment set up the lost will, revoked the letters of administration issued to Webb, appointed Lohnes as administrator c. t. a., and ordered Webb to pay over the assets of the estate to Lohnes, or, in the alternative, to supersede the order of the court requiring the assets to be turned over. Webb has failed to comply with either alternative. He now appeals from the order of the court on the ground that certain evidence was improperly admitted. This is a motion to dismiss the appeal.

Appellee urges that appellant has no such interest as entitles him to review in this

court. The governing statute, like the statutes of many other jurisdictions, permits appeal by "Any party aggrieved by any final order, judgment, or decree." D.C.Code, tit. 18, § 26. Cairns v. Donahey, 1910, 59 Wash. 130, 109 P. 334, like this case, involved an appeal by an administrator from an order removing him and admitting a will to probate. The appeal was dismissed. It was said that the appellant was not an interested party; that the order appealed from did not impair his right to compensation, or "impair and diminish" the estate; and that the only persons interested were the heirs, who were parties to the probate proceedings but did not appeal. Appeal of Avery, 1933, 117 Conn. 201, 167 A. 544, 88 A.L.R. 1154, affirmed the dismissal of an appeal by an administrator from a probate court's order revoking his appointment and admitting a will to probate. The statute permitted appeal by "any person aggrieved." The court restricted the right of appeal in a fiduciary or representative capacity to persons who act "under a subsisting appointment which has not been terminated, by revocation or otherwise, and who therefore are under present duty to protect the estate from diversion." It was said that the appellant had been displaced as administrator by a decree revoking his appointment, "which was not suspended or vacated by the appeal from it," and that he had no right to appeal against the will "on behalf of heirs who so far as appears were quite capable and competent to protect themselves had their interests dictated such a course."

Opposed to the view of the Cairns and Avery cases is In the Matter of the Will of Cornelius, 1854, 14 Ark. 675, in which an administrator was allowed to appeal from a decree admitting a will to probate and revoking letters of administration. The court did not discuss the question whether the administrator had a sufficient interest. In at least three other cases, appeals by administrators have been allowed under similar circumstances, but it does not appear that the problem was argued or considered. Reid v. Lord, 1925, 102 Conn. 365, 128 A. 521; Doran v. Mullen, 1875, 78 Ill. 342; In re Glynn's Estate, Tex.Civ.App.1933, 62 S.W.2d 1019. In the Doran case, the appellant was also next of kin. In the Avery case, supra, the Connecticut court sought to distinguish the Reid case. In Smith v. Sherman, 1849, 4 Cush., Mass., 408, Chief Justice Shaw of Massachusetts allowed an administrator appointed in the District of Columbia, where the decedent died, to appeal against the appointment of an ancillary administrator in Massachusetts.

The question whether an administrator is "aggrieved" by probate of a will, and can appeal, is much the same as the question whether he has an "interest" which entitles him to oppose probate in the first place. The New York Court of Appeals has answered that question in the administrator's favor, saying that he "represented the beneficiaries, who were the substantial owners of the property" and was entitled to "see that no paper purporting to be a will of the decedent was admitted to probate unless it was genuine and executed by a competent person according to law." In re Davis' Will, 1905, 182 N.Y. 468, 75 N.E. 530, 532. There are cases to the contrary, including Cajoleas v. Attaya, 1927, 145 Miss. 436, 111 So. 359, 58 A.L.R. 1457. Cf. 40 Harv.L.Rev. 1024, 31 A.L.R. 326. An executor named in a will is usually permitted to oppose the admission of a later will to probate. Matter of Greeley's Will, N.Y. 1873, 15 Abb.Prac.,N.S., 393; In re Estate of Murphy, 1922, 153 Minn. 60, 189 N.W. 413; In re Langley's Estate, 1903, 140 Cal. 126, 73 P. 824. Cf. Helfrich v. Yockel, 1923, 143 Md. 371, 122 A. 360, 31 A.L.R. 323, infra.

An executor may appeal from a decree setting aside probate of the will in which he is named. Connelly v. Sullivan, 1893, 50 Ill. App. 627; Hesterberg v. Clark, 1897, 166 Ill. 241, 46 N.E. 734, 57 Am.St.Rep. 135; In re Cavanaugh's Will, 1911, 72 Misc. 584, 131 N.Y.S. 982; contra, Shock v. Berry, 1926, 221 Mo.App. 718, 285 S.W. 122. Similarly, it has been held that an administrator with the will annexed may appeal from a decree setting aside probate of the will, although the beneficiaries under the will do not join in the appeal. Emhardt, Administrator v. Collett, 1921, 191 Ind. 215, 131 N.E. 48; cf. Bell v. Davis, 1914, 43 Okl. 221, 142 P. 1011, Ann.Cas.1917C, 1075. The administrator c. t. a., like an executor, is defending a supposed will and not a supposed intestacy; but like the administrator of an intestate, he has no mandate from the deceased. Accordingly, his claim to defend the will by appeal stands on practically the same basis as the claim of the appellant in the present case to defend intestacy. Each seeks, without either a nomination from the deceased or a subsisting appointment, to give effect to the supposed wishes of the deceased, in the interest of whom it may concern.

It has been repeatedly held that an executor named in a will may appeal from a deci-

sion refusing to admit it to probate. Burmeister v. Gust, 1912, 117 Minn. 247, 135 N. W. 980; Shirley v. Healds, 1857, 34 N.H. 407; Cowan v. Beans, 1914, 155 Wis. 417, 144 N.W. 1129; Marshall's Executor v. Pogue, 1928, 226 Ky. 767, 11 S.W.2d 918. In Burmeister v. Gust, supra, in which the executor was held to be a "party aggrieved," the court said: "The statute * * * expressly authorizes him to offer the will for probate, and to this extent, at least, makes him the 'champion of the will.'" 117 Minn. 247, 249, 135 N.W. 980, 981. In the Cowan case, Winslow, C. J., said: "The proponent of a will, who is named as executor therein, is a 'person aggrieved' by a judgment of the county court refusing probate to the will, and hence may appeal. * * * Such a person is the representative of the testator, and is charged with the duty of seeing that the will is probated and its provisions carried into effect. Public policy also requires that a legally executed will be probated, and the person named as executor has a public as well as a private duty to perform. If he in good faith believes that the will has been wrongfully denied probate by the county court, he should appeal from the decision." 155 Wis. 417, 418, 144 N.W. 1129. These cases do not meet the criterion of the Avery Case for allowing appeal, since there is no "subsisting appointment." They recognize the named, but not qualified, executor as a representative of the decedent, under a duty to support the will and defend the estate against unfounded claims. His lack of any interest of his own does not bar his appeal. The present appellant, an administrator who has qualified and has then been ousted by a trial court, has no less interest and should have no less authority than an executor who has never qualified at all. As the would-be executor is allowed to appeal in order to support what he believes to be the genuine will of the deceased, the ousted administrator should be allowed to appeal in order to support what he believes to be the genuine intestacy of the deceased, which is, in an extended sense, equally his will. If the executor is the "champion of the will," the administrator is the champion of intestacy. If "public policy * * * requires that a legally executed will be probated," it requires that a spurious will be not probated.

It is true that the decedent, being dead, has no interests to protect; but the persons who will receive the property if intestacy is established have interests. Perhaps the wishes of the dead should not concern the living, but our legal system is built on a different theory. Many living persons derive satisfaction from the thought that they can control the devolution of their property. In distributing decedents' estates the law undertakes, within limits, to follow the wishes of the former owners as manifested by will or intestacy. In deference partly to their supposed wishes and partly to the supposed interests of society, the law gives to certain persons or institutions a right to intestate succession. To be coherent, the law must provide means for protecting that right. When heirs are parties to proceedings for the probate of a will, it may be argued with some force, as it was in the Cairns and Avery Cases, supra, that they can look out for their own interests. But one casualty or another may make it impracticable or impossible for an intestate's successors to protect themselves. They may not be known, or may not be cited. Cited or not, they may never actually learn of the probate proceedings; or their several interests may be too small and contingent to justify individual caveats on their part. Unless the administrator is permitted to oppose and to appeal from the probate of an alleged will, interests which are theoretically recognized may be unprotected in fact. The present case illustrates this danger. No heirs have been discovered.

Many of the cases cited by appellee, e. g., Union Savings & Trust Company v. Eddingfield, 1922, 78 Ind.App. 286, 134 N.E. 497, which dismiss appeals by administrators against their removal, involve no controversy over the intestacy or the will of the decedent, but merely the replacement of one administrator by another, pursuant to a statute which entitled relatives of the decedent to priority. Similarly, in Helfrich v. Yockel, 1923, 143 Md. 371, 122 A. 360, 31 A.L.R. 323, an executor was not allowed to caveat a codicil which named a different executor, but made no other change in the will.

The right of an administrator to appeal from a decision upholding a claim to part of the estate is universally recognized. It would seem that he should be no less entitled to appeal against a claim to the entire estate.

The motion to dismiss the appeal will be denied on condition that the appellant now comply with the order of the District Court, either by filing his account and delivering the assets to the appellee or by filing a supersedeas bond of $7,500.

Motion to dismiss denied.