**NATIONAL BANK OF WASH-
INGTON**

v.

**DISTRICT OF COLUMBIA.**

No. 11562.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 4, 1952.

Decided Dec. 10, 1953.

Messrs. Louis M. Denit and Martin R. Fain, Washington, D. C., for petitioner.

Messrs. George C. Updegraff, Asst. Corp. Counsel for the Dist. of Columbia, Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, for respondent.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

STEPHENS, Chief Judge.

This is a motion by the respondent, District of Columbia, to dismiss, upon a jurisdictional ground, a petition for review of a decision of the District of Columbia Tax Court. The petitioner, National Bank of Washington, is executor of the estate of Arthur J. May, who

died in the District of Columbia leaving a will under the provisions of which his wife, Mary D. May, was entitled to receive 247 shares of the common stock of the May Hardware Company. A return for the purpose of local inheritance tax imposed by D.C.Code Title 47, § 1601 (a) (1951), was filed by the Bank as executor, as required by Section 1604. The return showed the market value of the shares of stock as of the time of the testator's death to be $122.70 per share. The Assessor, however, valued the shares at $350 each, and imposed a tax on that basis. The Bank paid the tax under protest and filed with the Tax Court a petition for redetermination and reduction of inheritance tax. The Tax Court, after a hearing, affirmed the decision of the Assessor. The petition for review in this Court of Appeals was then filed by the Bank, and the motion of the District of Columbia for dismissal of the petition followed.

■■■ The motion is upon the ground that the Bank as executor is not, within the legal meaning of the phrase as used in D.C.Code Title 47, § 2403 (1951), a "person aggrieved" by any assessment. That section provides: "Any person aggrieved by any assessment by the District against him of any . . . inheritance . . . tax or taxes . . . may . . . appeal from such assessment to the board. . . ."[1] The District of Columbia contends that the appeal to the Board should have been by Mrs. May, the distributee, not by the Bank as executor. The point is raised for the first time by the motion to dismiss the petition for review. But since the point is of jurisdictional character it can be considered and decided notwithstanding that the point was not raised in the Tax Court. Columbia National Sand Dredging Co. v. Morton, 1906, 28 App.D.C. 288, 7 L.R.A.,N.S., 114. The point is of jurisdictional character because if a necessary party to an

adjudicatory proceeding is lacking, jurisdiction is lacking. If the Tax Court was without jurisdiction so also is this Court of Appeals, and the petition for review must be dismissed. Gray v. Ward, 1916, 45 App.D.C. 498; Wallace v. Degree, 1912, 38 App.D.C. 145; Langford v. Monteith, 1880, 102 U.S. 145, 26 L.Ed. 53; Ann.Cas.1913C, 120.

We are cited to no cases in this jurisdiction, or elsewhere, and are aware of none, which contain direct rulings upon the question raised by the motion to dismiss. The following decisions of this court, however, lend aid: In Barksdale v. Morgan, 1910, 34 App.D.C. 549, this court ruled that, notwithstanding that the probate court had authorized an executor to employ counsel to act for him in a contest over the validity of a will, an appeal would not lie by the executor from an order made by the then-named Supreme Court of the District of Columbia, in equity, sustaining an exception to an auditor's report allowing the claim of the attorney for his fee. By the statute then in existence any "party aggrieved" by any final order of the Supreme Court of the District of Columbia could appeal therefrom to this Court of Appeals. D.C.Code § 226 (1901). The theory of the decision is that a right of appeal by an executor is conditioned upon a showing that he is "directly and personally interested" in attacking the order appealed from. The court suggested that if the executor had paid the fee out of funds of the estate in his hands and the court had refused to allow him credit he would then be directly and personally interested and could appeal from the disallowance of that portion of his account. The court pointed out further that the fiduciary relationship which the executor sustained to the estate and the testator forbade the presumption that the executor could have a pecuniary interest in the allowance of the attorney's claim; and that being true, said the court, the ex-

1. The District of Columbia Tax Court was formerly known as the Board of Tax Appeals for the District of Columbia (D. C.Code Title 47, § 2402 (1951) ). The change of name was provided for by the Act of July 10, 1952, 66 Stat. 543, 547.

ecutor was placed by his appeal in the attitude of prosecuting a claim against the estate which it was his duty to defend. In Webb v. Lohnes, 1938, 68 App. D.C. 310, 96 F.2d 582, certiorari denied, 1939, 306 U.S. 637, 59 S.Ct. 489, 83 L. Ed. 1038, this court ruled that an administrator, who has qualified as such, is entitled to appeal as a "party aggrieved" from a judgment of the District Court of the United States for the District of Columbia revoking his letters of administration and appointing another person as administrator with the will annexed. The statute then in existence provided that any "party aggrieved" by any final order of the District Court of the United States for the District of Columbia could appeal to this Court of Appeals. D.C.Code Title 18, § 26 (1929). The theory of that decision is that as a named executor may appeal from a decision refusing to admit a will to probate, or from a decree setting aside probate of a will, so "the ousted administrator should be allowed to appeal in order to support what he believes to be the genuine intestacy of the deceased, which is, in an extended sense, equally his will. If the executor is the 'champion of the will,' the administrator is the champion of the intestacy. If 'public policy * * * requires that a legally executed will be probated,' it requires that a spurious will be not probated. It is true that the decedent, being dead, has no interests to protect; but the persons who will receive the property if intestacy is established have interests. * * * Unless the administrator is permitted to oppose and to appeal from the probate of an alleged will, interests which are theoretically recognized may be unprotected in fact. The present case illustrates this danger. No heirs have been discovered." 68 App.D.C. at page 312, 96 F.2d at page 584. In Spriggs v. Stone, 1949, 85 U.S.App.D.C. 95, 174 F. 2d 671, the United States District Court for the District of Columbia, sitting as a probate court, entered an order construing a will. Although the devisees adversely affected by the order were parties to the proceeding below, they did not appeal. The executor appealed, and the devisees favorably affected by the order moved to dismiss. The statute then in existence provided that any "party aggrieved" by any final order might appeal to this court. D.C.Code Title 17, § 101 (1940). This court ruled that the appeal must be dismissed. The theory of the decision was expressed as follows:

. . . As a general rule an executor is not aggrieved and therefore cannot appeal unless either the estate as a whole is affected, or else his individual interests are affected as by an order refusing probate or removing the executor or disallowing an expenditure he has made. He cannot appeal for the protection of the interests of particular devisees or legatees who are able to protect themselves by taking an appeal of their own. 85 U.S.App.D.C. at page 95, 174 F.2d at page 671

In Cannady v. Kesterson, 1949, 85 U.S.App.D.C. 427, 179 F.2d 455, this court again dismissed an appeal taken by an executor from an order of the District Court construing a will. The decision is based upon Spriggs v. Stone, supra.[2]

It is fairly to be concluded from the cases above discussed that as a general rule an executor is not a "person aggrieved" for the purposes of an appeal to the Tax Court unless either the estate as a whole is directly affected by the decision appealed from or unless his individual interests are directly and personally affected thereby.

With that proposition in mind the local statutes concerning the duties of an executor in respect of inheritance taxes must be considered; and there must be borne in mind the further well-settled proposition that a tax upon inheritance such as is imposed by D.C. Code Title 47, § 1601 (1951), is not a property tax but is a duty or excise laid upon the privilege of taking property by descent. Fisher v. District of Colum-

---

2. In addition to Spriggs v. Stone, the court cited King v. Buttolph, 9 Cir., 1929, 30 F.2d 769; In re Michigan-Ohio Bldg. Corporation, 7 Cir., 1941, 117 F. 2d 191.

bia, 1947, 82 U.S.App.D.C. 371, 164 F.2d 707; Greiner v. Lewellyn, 1922, 258 U. S. 384, 42 S.Ct. 324, 66 L.Ed. 676; Knowlton v. Moore, 1900, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969. The responsibilities of an executor in respect of inheritance tax are defined by the local statutes as follows:

D.C.Code Title 47, § 1601(d) (1951): Executors, administrators, trustees, and other persons making distribution shall only be discharged from liability for the amount of such tax, with the payment of which they are charged, by paying the same as hereinafter described.

D.C.Code Title 47, § 1604 (1951): . . . Said personal representative [of the decedent] shall, within eighteen months of the date of the death of the decedent and before distribution of the estate, pay to the collector of taxes the taxes imposed by section 47-1601 upon the distributive shares and legacies in his hands and the tax imposed by section 47-1601 against each distributive share or legacy shall be charged against such distributive share or legacy unless the will shall otherwise direct.

D.C.Code Title 47, § 1605 (1951): The personal representative of the decedent shall collect from each beneficiary entitled to a distributive share or legacy the tax imposed upon such distributive share or legacy in section 47-1601, and if the said beneficiary shall neglect or fail to pay the same within fifteen months after the date of the death of the decedent such personal representative shall, upon the order of the District Court of the United States for the District of Columbia, sell for cash so much of said distributive share or legacy as may be necessary to pay said tax and all the expenses of said sale.

D.C.Code Title 47, § 1616 (1951): The bond of the personal representative of the decedent shall be liable for all taxes and penalties assessed under this chapter, *except inheritance taxes* and penalties imposed in relation to the transfer of property not under the control of such personal representative. . . . [Emphasis supplied.]

■ We conclude that the motion to dismiss the petition for review must be granted. Since the local inheritance tax is a duty or excise laid upon the privilege of taking property by descent and is, therefore, payable by Mrs. May, or out of her distributive share—the estate of the decedent, as a matter of law, not being liable for the tax—and since the tax has actually been paid, presumably, in view of D.C.Code Title 47, § 1605, by Mrs. May or out of her distributive share (there is no showing and no contention to the contrary) the Bank as executor is not a "person aggrieved" in its representative capacity; that is to say, the estate as a whole is not directly affected by the alleged overassessment. And since, again, the tax has been paid by Mrs. May or out of her distributive share, the individual interests of the Bank are not directly and personally affected by the alleged overassessment. Since the Bank as executor was not a "person aggrieved" by the alleged overassessment in either its representative or personal capacity, and since Mary D. May, who was the "person aggrieved", did not appeal to the Tax Court, the necessary party to the appeal was lacking and the court therefore lacked jurisdiction.

We do not rule that no circumstance can arise under which an executor would be a "person aggrieved" by an order allegedly overassessing an inheritance tax. But we find no such circumstance in the instant case.

The motion to dismiss the petition for review is granted. The case is remanded to the District of Columbia Tax Court with directions to vacate for lack of jurisdiction the decision affirming the assessment.

Motion to dismiss granted and case remanded with directions.

Circuit Judge PROCTOR died prior to the decision in this case and took no part in its consideration.