RODNEY DENNIS ET AL. APPEAL FROM BOARD OF RELIEF.

GEORGE L. CHASE'S APPEAL FROM BOARD OF RELIEF.

First Judicial District, Hartford, October Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 63 of the Public Acts of 1889 provides that the stock of certain corporations owned by Connecticut residents shall be placed in their lists at its market value in the towns where they reside; but that so much of the capital of any such company as may be invested in real estate, on which it is assessed and pays a tax, shall be deducted from the market value of its stock in its returns to the as-

sessors. *Held* that the amount of the deduction returnable by the company to the assessors was the assessed, rather than the actual or market, value of the company's real estate; and that the stockholders whose shares were assessed and taxed upon the basis of such deduction had no just cause of complaint.

Whether the assessors were required to make any deduction at all, *quære.*

Capital of a corporation invested in a leasehold interest for 999 years, is invested in real estate within the meaning of the foregoing statute.

For purposes of taxation the law treats the assessed and the actual value of property as the same.

Argued October 5th—decided November 7th, 1899.

APPLICATIONS in the nature of appeals from the doings of the board of relief of the city and town of Hartford, taken to the Superior Court in Hartford County and tried to the court, *Thayer, J.;* facts found and judgment rendered in favor of the town and city in each case, and appeal by the tax-payers for alleged errors in the rulings of the court. *No error.*

The complaint in the first case alleged that the plaintiff Rodney Dennis (as well as each of the other plaintiffs) was, on October 1st, 1897, a resident of Hartford and owner of shares of the capital stock of the Hartford Trust Company; that the secretary of said company on October 12th, 1897, returned to the assessors of the town of Hartford the number of shares of its capital stock owned respectively by residents of said town, the names of the owners (including the names of the plaintiffs), and $135 as the market value of said stock during the month of September next preceding said October 1st; that each plaintiff duly gave to said assessors a sworn list of his property, including said shares of stock; that the assessors assessed and set in the list said stock at $75 a share; that on October 1st, 1897, the capital stock of said Hartford Trust Company was $300,000, divided into 3,000 shares, and the market value of each share during the preceding September was $135; that the capital of said Trust Company was $405,000; that a portion of said capital was invested in real estate on which the Trust Company was assessed and paid a tax; that the amount so invested on October 1st, 1897, was $250,000, and the actual value of said real estate was then

$250,000; that said real estate was assessed and set in the list of said Trust Company for the year of 1897, at the sum of $175,000; that said plaintiffs appealed to the board of relief, and the board refused to reduce the amount at which said stock was assessed.

The prayer for relief is that the amount at which said stock was assessed should be reduced from $75 per share to $51.67 per share, and for other relief.

The court below found that the market value of the stock on October 1st, 1897, was $135 per share, and substantially finds the other facts alleged in the complaint. Upon these facts the plaintiffs claimed and asked the court to rule upon the trial as matter of law, that the market value, and not the assessed value of the real estate of the corporation, should be deducted in due proportion from the market value of the stock, for the purpose of determining the amount at which said stock should be set in the several lists of the plaintiffs for taxation. The court overruled said claim, and held that the appellants were not entitled to any deduction from the market value of said stock; and that if they were entitled to a deduction the assessors were right in deducting the assessed and not the market value of the real estate. The appeal specially assigns error in this ruling of the court.

The provisions which are claimed to authorize and define a deduction are contained in Chap. 63 of the Public Acts of 1889, and § 3837 of the General Statutes.*

---

* Act of 1889. Section 3836 of the General Statutes is hereby amended to read as follows: Shares of the capital stock of any bank, national banking association, trust, insurance, turnpike, bridge, or plank road company, owned by any resident of this State, shall be set in his list at its market value, in the town in which he may reside; but so much of the capital of any such company as may be invested in real estate, on which it is assessed and pays a tax, shall be deducted from the market value of its stock in its returns to the assessors.

Section 3837. The cashiers or secretaries of all corporations, whose stock is liable to taxation, shall, on or before the twelfth day of October, annually, inform the assessors of each town of the names of the stockholders residing therein, and the amount of stock owned by each, as exhibited by the books of said corporations, on the first day of October, so far as the residence of such stockholders shall be known to such

*E. Henry Hyde*, for Rodney Dennis et al., appellants.

*Charles E. Perkins*, for George L. Chase, appellant.

*Edward D. Robbins* and *William J. McConville*, for the appellees (the city and town of Hartford).

HAMERSLEY, J. The statute requires the secretary of the Hartford Trust Company, in his return to the assessors, to state the market value of the company's stock during the preceding month of September, and to deduct so much of its capital as may be invested in real estate on which it is assessed and pays a tax. The evident purpose of this language is to secure a statement by the secretary of the value of the stock owned by the shareholders, and also of any real estate owned by the company in which it has invested capital on which it is assessed and pays a tax.

The capital indicated is that on which it is assessed and pays a tax; *i. e.* the assessed value of the real estate. The statute contemplates a statement of the taxable value of the stock—the property owned by the shareholders, and of the taxable value of the land—the property owned by the company; and requires the secretary to deduct in certain proportion the latter from the former. This purpose is expressed with sufficient clearness. There is, however, no distinction in the law between the assessed and actual value of real estate. If assessors violate the statute, courts may, for certain purposes, receive evidence of such violation, but they cannot ignore the fact that the legislature and the law treat, for purposes of taxation, the assessed and the actual value of property as the same. *White* v. *Portland*, 63 Conn. 18, 22; *Randell* v. *Bridgeport*, ibid. 321, 323; *Greenwoods Co.* v. *New Hartford*,

cashiers or secretaries, and its market value during the month of September next preceding; and any such cashier or secretary, who shall neglect to furnish such information to the assessors of any town where said stock is liable to be taxed, shall forfeit $50.00 to such town; but putting a letter into the post-office containing such information, postage paid, addressed to the assessors of any town where such owner resides, shall be a compliance with the provisions of this section.

65 id. 461, 463. See also General Statutes, § 3857. Our tax laws require property to be assessed at its actual value, and a statute referring to value of land in connection with taxation, cannot be construed as meaning a value in excess of the assessed value, unless the language used demands such construction. The amount of $175,000 is that portion of the capital of the trust company on which it is assessed and pays a tax; if an additional portion of its capital has in fact been invested in land, the company pays no tax on such additional portion, and it is not within the operation of the statute. The court below did not err in holding that it was the assessed value of the real estate which the secretary was required to deduct from the value of the stock.

Applying this ruling to the facts found, it appears that the plaintiffs have not been aggrieved by the action of the board of relief. It is not therefore necessary to the disposition of this case to consider the further ruling of the trial court, that the plaintiffs were not entitled to any deduction from the market value of their stock, and we do not pass upon that question.

Upon the trial it appeared that a portion of the real estate for which the Trust Company was taxed, was held under a lease for 999 years; the owner of the fee reserving an annual rent of $402 and the lessee being bound to pay taxes on the land. The defendant claimed that the company's interest in said land was not real estate, and therefore its value could not be considered in determining the amount of capital invested in real estate. Undoubtedly the interest of the company is properly classed as a chattel real; but nevertheless the capital represented by the leasehold is invested in real estate within the meaning of the statute, and should be included in the secretary's return.

The ruling of the court on the question of evidence is immaterial in view of the conclusion reached.

Chase's Appeal presents the same questions we have already discussed, and must be controlled by the views expressed in this opinion.

There is no error in the judgment of the Superior Court in either of the above-entitled appeals.

In this opinion the other judges concurred.