GEORGE H. WARNER *vs.* WILLIAM H. CORBIN, TAX COMMISSIONER.

First Judicial District, Hartford, March Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under the provisions of Chapter 332 of the Public Acts of 1915, relating to the collection and payment of succession taxes, a decedent's property is to be appraised at "its actual value" and not at the valuation which some local board of assessors may have seen fit to place upon it.

The case of *Dennis' Appeal*, 72 Conn. 369, explained and limited.

The levies made by the State which are commonly called succession or inheritance taxes, are not in reality such in any true sense, but are exactions in the nature of death duties consequent upon the transfer of ownership from one to another through the intervening custody and administration of the law.

Submitted on briefs March 6th—decided March 14th, 1917.

APPEAL by the plaintiff, individually and as executor, from an order and decree of the Court of Probate for the District of Hartford requiring the estate, on which the plaintiff was executor and in which he was interested as a devisee, to be reappraised upon the application of the defendant, taken to and tried by the Superior Court in Hartford County, *Burpee, J.*, upon a demurrer to the reasons of appeal; the court sustained the demurrer and rendered judgment for the defendant, affirming the

decree of the Court of Probate, from which the plaintiff appealed. *No error.*

The defendant tax commissioner, acting under the authority of § 2 of Chapter 332 of the Public Acts of 1915, made application to the Court of Probate for the district of Hartford for a reappraisal of the estate of Elizabeth G. Warner, who died in August, 1915, to furnish a basis for the ascertainment of the amount of succession tax to be paid to the State. Upon the hearing of that application, the commissioner complained that in the appraisal theretofore made in the regular course of the settlement of the estate and on file, certain real estate in Hartford was undervalued, and presented testimony to establish that fact. The plaintiff in his own behalf as legatee and devisee, and as executor, objected to a reappraisal being ordered, for the sole reason that the real estate in question was, in the years 1914 and 1915, assessed for the purposes of taxation at the sum appearing in the inventory and appraisal on file in the court. Notwithstanding this objection a reappraisal was ordered, and three persons appointed to make it. From this order and decree the plaintiff appealed to the Superior Court, and in that court filed reasons of appeal which, after reciting the foregoing facts, stated his grievance to be that the order and decree was passed notwithstanding that the property was already appraised at its assessed valuation. A demurrer to these reasons of appeal having been sustained and final judgment rendered affirming the action of the Court of Probate, an appeal to this court was taken.

*Charles E. Gross* and *Charles Welles Gross,* for the appellant (plaintiff).

*George E. Hinman, Attorney-General,* and *Charles W. Cramer,* for the appellee (defendant).

PRENTICE, C. J. The appellant claims to be aggrieved by the action of the Court of Probate in ordering a reappraisal and by the judgment of the Superior Court affirming that order. The contention upon which his alleged grievance is founded, is that the State, in the ascertainment of the valuation of the decedent's estate for the purpose of computing the succession tax to be paid thereon to it, is, in the absence of radical changes in the property, bound by the valuations fixed by local assessing officers in the performance of their official duty, and may not claim to have them exceeded. This narrow proposition of law furnishes the only ground of objection to the action of the Court of Probate and of the Superior Court.

Chapter 332 of the Public Acts of 1915 embodies the existing law governing the collection and payment of succession taxes, and the law applicable to the present situation. In § 2 of that Act it is provided that an inventory of all property of every deceased person shall be made and sworn to by the executor or administrator, and deposited in the Court of Probate, and that the property so inventoried shall be appraised at "its actual value" by disinterested persons, under oath. Provision for a reappraisal upon the application of the tax commissioner and an order therefor by the Court of Probate follows. These provisions make it clear that the appraisal upon which succession taxes are to be paid shall be made upon the basis of actual value. The statute expressly so states, and authorizes the State to take steps to the end that such a result may be attained. They leave no room for doubt that what is aimed at is an appraisal which shall fairly and correctly represent the true value of the property of the estate, and that the acceptance of any other standard of valuation, however or by whomsoever determined or arrived at, is forbidden. This latter course is the one

which the plaintiff urges should be pursued. He would have substituted for the standard specified in the Act, some other purely arbitrary or artificial one, to wit, the assessment valuations as made by the various assessment officers in the one hundred and sixty-eight towns of the State, however unfairly or unlawfully they might have been arrived at. We find no warrant for this either in the Act or in considerations of right and justice. Certainly such substitution would not make for fair treatment of the State, or for uniformity of results as between different estates in the process of settlement and devolution of title through the agency of the law.

The plaintiff's main reliance appears to be a single sentence taken from *Dennis' Appeal*, 72 Conn. 369, 372, 44 Atl. 545, to the effect that there is no distinction in the law between the assessed and actual value of real estate. That sentence, appropriate enough as used in its connection and as applicable to local taxation procedure, was not used as a statement of the broad, general principle applicable to all tax regulations and conditions, that the law recognizes no distinction between actual and assessed valuations of property, so that as a matter of law they are one and the same thing. If it were, we should have no hesitation in repudiating it. It cannot be, for instance, that the State, in tax regulations and procedure on its own behalf and in its own interest, is bound to accept as representing actual values the figures at which property is set in town assessment lists by local officers for local purposes, regardless of whether or not they were so set in those lists either mistakenly or in direct violation of the mandate of the law. In fact its action is directly to the contrary. Where the payment and collection of State and county taxes is concerned, the assessment figures of the town officials are not taken as representing actual

values. The law recognizes that they may not, and creates a board of equalization specially authorized to equalize and adjust the assessment list of the several towns so that they shall represent the actual cash value of the property therein contained. Public Acts of 1911, Chap. 250.

But that is not all. Those levies made by the State, which we familiarly call succession or inheritance taxes, have little in common with taxes as ordinarily understood. In fact they are not taxes in any true sense. They are not levied, as taxes proper are, either upon property or against persons. They differ from taxes, properly speaking, in that they are exactions in the nature of death duties "to be paid to the State upon the occasion of death and the consequent transfer of ownership in the property of the decedent, through the intervening custody and administration of the law, to the persons designated by the law, through the statutes regulating wills, descents, and distributions." *Nettleton's Appeal*, 76 Conn. 235, 245, 56 Atl. 565; *Gallup's Appeal*, 76 Conn. 617, 620, 57 Atl. 699; *Hopkins' Appeal*, 77 Conn. 644, 649, 60 Atl. 657.

There is no error.

In this opinion the other judges concurred.