George L. ABELL et al., Plaintiffs,

v.

Samuel SPENCER, President, Board of Commissioners of the District of Columbia, et al., Defendants.

Civ. No. 1620.

United States District Court
District of Columbia.

Nov. 23, 1954.

---

2. Exhibit 3, sec. 5(c).

Irving Wilner, Keith L. Seegmiller, Washington, D. C., for plaintiffs.

Milton D. Korman, Asst. Corp. Counsel for the Dist. of Columbia, Washington (Vernon E. West, Corp. Counsel, John A. Earnest, Asst. Corp. Counsel, Washington, D. C.), for defendants.

HOLTZOFF, District Judge.

The problem presented for solution in this case relates to the method of computing the base on which the annuities of retired policemen and firemen of the District of Columbia are to be recalculated. The specific question is whether longevity increases that would have been earned by them had they remained in active service, should be periodically added to the base. It involves a matter of statutory construction.

The action is brought by a group of retired policemen and firemen against the Commissioners and other officials of the District of Columbia, and seeks a declaratory judgment adjudicating that longevity increases are to be deemed raises in salary, in turn requiring increases in retirement annuities. The case was ably and helpfully presented by counsel for both sides in oral argument and briefs, which were based on exhaustive research and thorough study.

By the Act of June 20, 1953, D.C.Code, 1951 Ed., Title 4, Sections 813-816, the salary scale of policemen and firemen in the District of Columbia was entirely revamped and considerably increased. Sections 101 and 201 of the Act, D.C. Code, Title 4, Sections 813, 815, prescribed new basic salaries for members of the Metropolitan Police Force and the Fire Department of the District of Columbia, respectively. Sections 102 and 202, D.C.Code, Title 4, Sections 814 and 816, provided, in addition to the aug-

mented basic salaries, what are known as longevity increases, namely, modest increases of $120 for each five years of service.

Title III of the Act is entitled "Automatic Equalization of Pensions". Section 301 of Title III, D.C.Code, Title 4, Section 518, provides as follows in its pertinent clauses:

" * * * each individual *heretofore* or hereafter retired from active service and entitled to receive a pension relief allowance or retirement compensation * * * shall be entitled to receive, * * * with respect to each increase in salary granted by this Act, * * an increase in his pension relief allowance or retirement compensation. Such increase shall be in an amount which bears the same ratio to such increase in salary as the amount of each such individual's pension relief allowance or retirement compensation in effect on the day next preceding such salary increase bore to the salary to whch he would have been entitled had he been in active service on the day next preceding such salary increase. * * * " (Emphasis supplied.)

In other words, salary raises provided by the Act are to be reflected and to result in increases in retirement compensation of those policemen and firemen who had previously retired. The District of Columbia has a contributory retirement system for policemen and firemen under which they may retire on half pay after serving at least 25 years and reaching the age of 55, D.C.Code, Title 4, Section 508. The District concedes that the raises in basic salaries prescribed by Sections 101 and 201 must be taken into account and lead to increased retirement compensation, but contends that the longevity increases are not to be included in this computation. On the other hand, the plaintiffs claim that both the increases in basic pay and the longevity increases are to be considered in calculating increases in retirement allowances of officers who had previously retired. In other words the plaintiffs contend that for every five years that a former policeman or fireman remains on the retired list, he should be credited with a theoretical longevity increase of $120 and his retirement allowance should in that event be increased by $60. He would be earning longevity increases even after retirement. The question in dispute is whether the longevity increases are to be considered for this purpose.

The subject is not free from doubt. If Section 301 stood alone, there would be much to be said in support of the construction urged by the plaintiffs. Section 301 requires that each raise in salary granted by the Act should lead to a corresponding raise in retirement compensation. It does not distinguish between increases in basic pay and longevity increases. On the other hand, in construing a statute it is necessary to give effect to every part of the Act and to reconcile any seeming conflicts between its various provisions, if it is at all possible to do so.[1]

Subsection (e) of Section 102, and subsection (e) of Section 202, provide that, "No officer or member shall be entitled to a longevity increase for a five-year period of service unless he has maintained a rating of satisfactory or better for such period." Counsel for the District of Columbia cogently argue that in the light of this proviso a person on the retired list cannot earn a longevity increase, since only a person in active service can maintain a rating. It is impossible to determine whether a retired officer would have maintained the required rating if he had remained in active service. Consequently, it is urged that it is impracticable in the light of Subsection (e) to include theoretical longevity in-

1. New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U.S. 656, 23 L. Ed. 336; United States v. Moore, 95 U.S. 760, 24 L.Ed. 588; Federal Power Commission v. Panhandle Eastern Pipe Line Co., 337 U.S. 498, 69 S.Ct. 1251, 93 L. Ed. 1499; Fisher v. District of Columbia, 82 U.S.App.D.C. 371, 164 F.2d 707.

creases in determining the base upon which increases in retirement compensation should be computed. In the light of these considerations, an ambiguity emerges from the statute taken as a whole, and it is appropriate to have recourse to extrinsic aids to construction. The prime extrinsic aid is, of course, the Committee Reports.

Senate Report 384, 83rd Congress, 1st Session, which relates to this legislation, contains the following unequivocal statement:

"Those persons already retired prior to the effective date of this act will get the benefit of the increases in basic compensation provided by this act in the computation of their pensions or retired pay; but such increases will not include any increases based on longevity for such retired persons. Longevity increases are intended to benefit those in the service at this time, and those retired hereafter will get the benefit of such longevity increases."

One aspect of the legislative history of the Act requires consideration. As originally introduced, the measure (H.R. 3795, 83rd Congress, 1st Session) contained a proviso reading as follows:

"That no such individual retired prior to the effective date of this Act shall be entitled to any increase in pension relief allowance or retirement compensation based on longevity increases."

The House Committee on the District of Columbia amended the bill by striking out this proviso. The bill passed the House of Representatives with the proviso deleted. No explanation was advanced for this step. It might well indeed have been taken in order to permit longevity increases to be included in computing retirement compensation for officers who had previously retired. On the other hand, the proviso might have been omitted on the ground that it was considered surplusage. In other words, this action is of an equivocal nature. It is not practicable to deduce any definite

inference from it. Whatever significance might otherwise have attached to it, vanishes when we consider the subsequent history of the legislation. At a hearing before a subcommittee of the Senate District Committee, which took place after the legislation reached the Senate, it was urged by the representatives of the District of Columbia that the proviso be restored. The Chairman of the subcommittee frankly indicated that attempts to amend the bill at that late stage might result in defeating any action at that session of the Congress, since the Congress was then approaching its adjournment date. He indicated that the same objective could be accomplished by making a definite statement in the Committee Report, to the effect that it was intended that longevity increases should not be added to the base on which retirement allowances should be recalculated. The remarks quoted above from the Senate Committee Report were the result of this colloquy. Taking this history as a whole, it seems to support the contention of the District of Columbia rather than to sustain the argument of the plaintiffs' counsel.

In the light of the foregoing considerations, the Court reaches the conclusion that increases in basic salaries should result in proportionate increases of retirement annuities of policemen and firemen who had retired prior to the effective date of the Act, but that on the other hand, the longevity increases that might have been earned by the retired officers had they remained in active service should not be added to the base on which the retirement compensation is to be recomputed.

It is not entirely without a pang of regret that the court has arrived at its decision, for the court is fully cognizant of the fact that we are dealing in this case with a worthy and deserving group of public servants, who perform a basic function of government at all hours and in all kinds of weather, frequently at the risk of life and limb to themselves, and that, nevertheless, they have been at times inadequately compensated and

often their financial security has not been sufficiently assured. These considerations, however, are for the Congress.

Plaintiffs' motion for summary judgment is denied.

Defendants' motion for summary judgment is granted, construing the statute in accordance with the foregoing opinion.