George L. ABELL et al., Appellants,

v.

Samuel SPENCER, President, Board of Commissioners, District of Columbia, et al., Appellees.

No. 12555.

United States Court of Appeals District of Columbia Circuit.

Argued May 13, 1955.

Decided Aug. 4, 1955.

Mr. Irving Wilner, with whom Mr. Keith L. Seegmiller, Washington, D. C., was on the brief, for appellants.

Mr. John A. Earnest, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Milton D. Korman and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellants are former members of the Metropolitan Police and Fire Departments of the District of Columbia who retired from service on various dates prior to July 1, 1953, the effective date of the Police and Firemen's Salary Act of 1953.[1] They brought this suit to enforce their claims for increases in pension payments under the longevity of service provisions of that Act. The District Court held the increases not authorized by the Act and granted summary judgment for appellees upon cross motions filed by the parties. 125 F.Supp. 643 (1954).

The pertinent provisions of the Act may be summarized as follows: §§ 101 and 201 formulate the basic salaries for officers and members of the Police and Fire Departments;[2] §§ 102(a)[3] and 202(a) provide for "longevity increases" in salary for five years continuous service; § 301[4] provides for increases in pen-

---

1. 67 Stat. 72 (1953).

2. Sections of the Act numbered in the two hundreds are identical with those numbered in the one hundreds except that they refer to the Fire Department instead of the Police Department.

3. "The annual basic salary of each officer and member of the Metropolitan Police force in a grade above that of private, class 3, except the Chief of Police, shall be increased by $120 at the beginning of the next pay period following each five-year period of continuous service completed in such grade, including service in such grade rendered prior to the effective date of his Act * * *. An increase in basic salary under this subsection shall be known as a 'longevity increase'." See D.C.Code § 4-814(a) (Supp.1954).

4. " * * * each individual heretofore or hereafter retired from active service and entitled to receive a pension relief allowance or retirement compensation * * * shall be entitled to receive, without making application therefor, with respect to each increase in salary granted by this Act, or hereafter granted by law to which such individual would be entitled if he were in active service, an increase in his pension relief allowance or retirement compensation. Such increase shall be in an amount which bears the same ratio to such increase in salary as the amount of each such individual's pension relief allowance or retirement compensa-

sion allowances[5] to reflect the salary increases granted by the previous sections.

■ The question presented is whether the Act grants increases in the pension allowances of individuals retired before its effective date, based upon longevity of active service *before* retirement.[6] We hold that it does. Section 301 provides that "each individual *heretofore* or hereafter retired * * * shall be entitled to receive" an increase in pension allowances based upon the increases in salary he would have received under the Act "if he were in active service". (Emphasis supplied.) Since any such individual would have received the salary increase for longevity of service (§§ 102(a) and 202(a)), this increase is plainly includible in calculating pension allowances.

■ The words of the Act are clear and unambiguous. Hence there is no need to consider the legislative history.[7] But that history does not suggest a different result. The House bill, H.R. 3795, originally contained the following proviso in § 301:

> "*Provided*, that no such individual retired prior to the effective date of this Act shall be entitled to any increase in pension relief allowance or retirement compensation based on longevity increases."

This proviso was struck out, however, by one of several amendments suggested by the Committee on the District of

Columbia in favorably reporting upon the bill. In passing the bill as amended,[8] the House evidenced its intent not to exclude from the benefits of longevity increases those individuals already retired on the effective date of the Act. Nor is any contrary intent to be found in the language of the bill passed by the Senate, which differed only slightly from the House bill.[9] Appellees, however, rely on the following language in the Senate Report on its bill:

> "This latter proviso is contained in section 301 of H.R. 3795. Those persons already retired prior to the effective date of this Act will get the benefit of the increases in basic compensation provided by this Act in the computation of their pensions or retired pay; but such increases will not include any increases based on longevity for such retired persons. Longevity increases are intended to benefit those in the service at this time, and those retired hereafter will get the benefit of such longevity increases."[10]

But § 301 of the House bill contained no proviso at the time this Report was written. Hence the reference to "[t]his latter proviso" strongly suggests that the writer of the Senate Report was under the mistaken impression that the bill under consideration still contained the proviso in question. In any case, one sentence in a Senate Report is not controlling where both houses of Congress

---

tion in effect on the day next preceding such salary increase bore to the salary to which he would have been entitled had he been in active service on the day next preceding such salary increase. * * *" See D.C.Code § 4–518 (Supp. 1954).

5. The phrase "pension allowance" as used in this opinion includes both the pension relief allowances and the retirement compensation referred to in § 301.

6. Appellants do not claim that any period *after* retirement is applicable in fixing longevity of service under the Act.

7. Ex parte Collett, 1949, 337 U.S. 55, 61, 69 S.Ct. 944, 93 L.Ed. 1207; Packard Motor Car Co. v. National Labor Relations Board, 1947, 330 U.S. 485, 492, 67 S.Ct. 789, 91 L.Ed. 1043; Gemsco v. Walling, 1945, 324 U.S. 244, 260, 65 S.Ct. 605, 89 L.Ed. 921.

8. 99 Cong.Rec. 2242–45 (1953).

9. See S.Rep. No. 384, 83d Cong., 1st Sess. (1953).

10. Id. at p. 4.

have passed a bill containing unambiguous language to the contrary.

We hold therefore that individuals retired from the Police and Fire Departments before July 1, 1953, are entitled to increases in their pension relief allowances and retirement compensation based upon the longevity increases provided for in §§ 102(a) and 202(a) of the Act. The judgment of the District Court is reversed and the case is remanded with directions to enter summary judgment for appellants.

So ordered.