In re DECEMBER 1968 GRAND JURY
John Di Domenico, Witness-
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17869.

United States Court of Appeals
Seventh Circuit.

Jan. 20, 1970.

Certiorari Denied April 6, 1970.
See 90 S.Ct. 1260.

Crime Control and Safe Street Act of 1968, 18 U.S.C. § 2514, for an order requiring appellant to testify and granting him immunity.

Before granting immunity, the court explained to Di Domenico and other witnesses, who were represented by counsel, the consequences of such a grant, stating that no prosecution could be commenced in any jurisdiction involving any matter or transaction about which they testified before the grand jury. Appellant was then granted immunity by the court and ordered to return to the grand jury and to answer all questions put to him. The court further explained to appellant that he was entitled to consult counsel prior to his appearance before the grand jury.[1] Di Domenico failed to request counsel at that time, but acknowledged that he understood the immunity procedure and the court's order.

The appellant immediately returned to the grand jury, but again refused to testify on the basis of his right against self-incrimination. Upon his refusal to testify the grand jury ordered Di Domenico again to appear before Chief Judge Campbell, who previously had granted appellant immunity and ordered him to testify. Di Domenico returned to the district court where the United States Attorney petitioned the court to cite appellant for contempt. The questions which Di Domenico refused to answer were read to him and the court admonished him that if he persisted in his refusal, the court would jail him until he chose to purge himself of his contempt and answer the questions. The appellant responded with a request to confer with an attorney. Noting that the appellant had been given ample opportunity to consult with counsel before returning to the grand jury, the court denied his request. When Di Domenico again refused to answer questions and asserted that he would continue to claim his privilege against self-incrimination, the

Carl M. Walsh, Oscar Wyclif Harman, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Michael B. Nash, Chicago, Ill., for appellee.

Before SWYGERT, CUMMINGS and KERNER, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal by John V. Di Domenico from an order of the district court holding him in contempt and incarcerating him until he answers questions propounded to him during a grand jury investigation.

The appellant was called to appear as a witness before the December 1968 Grand Jury for the Northern District of Illinois. The grand jury was charged to investigate interstate gambling transactions and possible violations of 18 U.S.C. §§ 1084, 1952. Di Domenico appeared as required on August 13, 1969, but refused to testify, asserting his privilege against self-incrimination. On the following day the United States Attorney petitioned the district court, pursuant to section 2514 of the Omnibus

---

1. The record indicates that the appellant was represented by an attorney prior to his being notified to appear before the grand jury on August 13, 1969 and that after he was adjudged in contempt and incarcerated he obtained the services of his present attorney, Carl Walsh, to represent him.

court adjudged him in contempt and committed him to the marshal's custody.

The appellant presents several arguments in support of his contention that he is being deprived of his liberty without due process. Most of these arguments merit only summary discussion. The appellant claims that he did not receive a copy of the letter from the Attorney General approving the Government's petition for an order of immunity and that the petition for immunity which was served upon appellant was a poor copy of the original. It is apparent from the record, however, that the letter and the original petition for immunity were filed with the clerk of the court and were available to the appellant if he wished to see them. Di Domenico further argues that the questions which he refused to answer were not certified to the district court and that he was denied an opportunity to answer the contempt citation. The record demonstrates that, even though the questions were not formally certified, they were read to the appellant. We think Di Domenico was given ample opportunity to purge himself of contempt at this point and that this constitutes a sufficient answer to the contempt citation.

We believe that appellant's contention that he was denied the assistance of counsel is also unsupported by the record. When the court granted him immunity, appellant was informed of his right to confer with counsel in advance of his appearance before the grand jury. His eleventh-hour request for counsel after he was adjudged in contempt of the court's order was properly denied. The record is devoid of evidence indicating that appellant was prevented from seeking the advice of counsel prior to that time and it is apparent that Di Domenico knowingly and deliberately chose not to be represented.

Appellant further contends that the order compelling him to testify is invalid since the letter authorizing immunity was signed by an Assistant Attorney General rather than the Attorney General. He refers to that part of section 2514 which provides that immunity shall be granted only "upon the approval of the Attorney General." However, 28 U.S.C. § 510 authorizes the Attorney General to delegate to any "employee * * * any function of the Attorney General." Pursuant to the provision on November 4, 1968 the then Attorney General Ramsey Clark delegated his authority under section 2514 to the Assistant Attorney General in charge of the Criminal Division. The letter of authorization in this case was signed by Assistant Attorney General Will Wilson of the Criminal Division. Di Domenico makes the additional argument that since the delegation of authority was not made by the present Attorney General, it is invalid. We disagree. The power to delegate authority provided in section 510 is made to the office of Attorney General and not to the individual holding that office.

The appellant contends that the court's order is invalid since the statute granting immunity is unconstitutional. Statutes similar to the one here have withstood attacks of a like nature. The Immunity Act of 1954, 18 U.S.C. § 3486, was upheld by the Supreme Court in Ullman v. United States, 350 U.S. 422, 423, 76 S.Ct. 497, 100 L.Ed. 511, 53 A.L.R.2d 1008 (1956). An earlier statute was upheld in Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819 (1896). More recently, the Ninth Circuit held that it could find no constitutional defect in section 2514, Carter v. United States, 417 F.2d 384 (9th Cir., 1969). We think these cases adequately dispose of the appellant's contention.

Finally, the appellant contends that he is being punitively imprisoned since the grand jury has ended its investigation of "possible violations of 18 U.S.C. 1952 by Jack Cerone, et al.". On August 19, 1969 the grand jury returned an indictment charging Jack Cerone and five others with violations of 18 U.S.C. § 1952 and has not met since that time. There is nothing in the record to show that only those indicted were under in-

vestigation by the grand jury. In fact, it must be assumed, until the contrary is shown, that the grand jury is continuing its existence for the very purpose of obtaining appellant's testimony which may implicate others. At oral argument, Government counsel advised us that the grand jury is still investigating interstate gambling, thus justifying the continuing detention of appellant.

The order appealed from is affirmed.