### In the Matter of Douglas Wayne BROWN.
### Misc. 1–59.

United States District Court, S. D. Iowa.
July 12, 1971.

Allen L. Donielson, U. S. Atty., John B. Grier, Asst. U. S. Atty., Des Moines, Iowa, for the Government.

Raymond Rosenberg, Des Moines, Iowa, for the witness-respondent.

## MEMORANDUM OPINION.

HANSON, District Judge.

On June 24, 1971, the United States Attorney applied to this Court for an order, pursuant to 18 U.S.C., Section 2514, instructing Douglas Wayne Brown to testify before the Grand Jury for the Southern District of Iowa which is currently investigating gambling activities. The Court so instructed the witness and in doing so, informed him of the statutory provisions for immunity from prosecution.[1]

Later on the same day, the United States Attorney applied to this Court for an order finding the witness in contempt of the Court for his continued refusal to answer interrogatories before the Grand Jury. At the hearings attendant upon both applications, the witness by his counsel urged that 18 U.S.C., Section 2514 is repugnant to the Constitution in that it presently fails to provide immunity from prosecution co-extensive with the privilege against self-

1. Section 2514 states:

"Whenever in the judgment of a United States attorney the testimony of any witness, or the production of books, papers, or other evidence by any witness, in any case or proceeding before any grand jury or court of the United States involving any violation of this chapter or any of the offenses enumerated in section 2516, or any conspiracy to violate this chapter or any of the offenses enumerated in section 2516 is necessary to the public interest, such United States attorney, upon the approval of the Attorney General, shall make application to the court that the witness shall be instructed to testify or produce evidence subject to the provisions of this Section, and upon order of the court such witness shall not be excused from testifying or from producing books, papers, or other evidence on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture. *No such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence,* nor shall testimony so compelled be used as evidence in any criminal proceeding \* \* \*." (Emphasis added.)
Added Pub.L. 90–351, Title III, Section 802, June 19, 1968, 82 Stat. 216.

incrimination guaranteed by the Fifth Amendment.[2] The thrust of the witness' contention is that Section 259 of the Organized Crime Control Act of 1970, Public Law 91–452, amends or repeals Section 2514 to the extent that it no longer provides transactional immunity [3] but grants only the narrower "use" immunity as apparently provided in Items 6002 and 6003 [now 18 U.S.C., Sections 6002, 6003] of the Act, and therefore now suffers from the same constitutional infirmities.[4]

The constitutionality of Section 2514, as effective prior to enactment of the Organized Crime Control Act, has been upheld by the Ninth Circuit Court of Appeals relying upon the Supreme Court decision in Ullman v. United States [5] which in turn reaffirmed Brown v. Walker.[6] Carter v. United States, 9 Cir., 417 F.2d 384 (1969), Cert. denied, 399 U.S. 935, 90 S.Ct. 2253, 26 L.Ed.2d 807 (1970), reh'g denied, 400 U.S. 855, 91 S.Ct. 27, 27 L.Ed.2d 93 (1970). The Brown case established as law the requirements for transactional immunity discussed in Counselman, supra. The Seventh Circuit also found Section 2514 constitutional, relying on the same cases as did the Ninth Circuit. December 1968 Grand Jury v. United States, 420 F.2d 1201 (7 Cir. 1970), cert. denied sub nom. Di Domenico v. United States, 397 U.S. 1021, 90 S.Ct. 1260, 25 L.Ed.2d 531 (1970).

The Ninth Circuit has also ruled that immunity may be conferred and the witness may be compelled to testify under Section 2514 only if the proceeding involves violation of 18 U.S.C. Part I ch. 119 or any offense named in Section 2516.[7] Carter, supra, 417 F.2d, at 385.

■ There is no question that 18 U. S.C., Section 6002 provides only what is known as "use" immunity.[8] The legislative history is replete with reports indicating that this was the intent of

2. The witness has urged the same contention before this Court, previously, but the Court declined to reach the merits. Doug Brown et al. v. Allen L. Donielson, Etc., Civil No. 10–288–C–2 (S.D. Ia.1971),

3. See Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892); Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819 (1896).

4. There is currently pending before Division I of this Court a civil action entitled Jerome G. Bauer and Edward E. Rawson v. Richard W. McLaren, et al., Civil No. 10–268–C–1, wherein those plaintiffs challenge the constitutionality of Sections 6002 and 6003.

Two federal courts have passed unfavorably upon the issue of unconstitutionality. In the Matter of Grand Jury Testimony of Kinoy, 326 F.Supp. 407 (S.D.N.Y.1971); In the Matter of Jack Korman, Etc., No. 71–1328 (7 Cir. 1971). The Ninth Circuit Court of Appeals has upheld the validity of Sections 6002, 6003. Stewart v. United States, 440 F.2d 954 (9 Cir. 1971).

5. 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511 (1956).

6. 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819 (1896),

7. Section 2516 enumerates, inter alia:
"* * * * * * *
(c), * * * section 224 (bribery in sporting contests), * * * section 1084 (transmission of wagering information) * * *."

8. Section 6002 provides:
"Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

(1) a court or grand jury of the United States,

* * * * *

and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case * * *."

Congress.[9] The Courts have likewise been agreed upon this construction of the Act, though disagreeing as to the constitutional consequences.[10]

The Organized Crime Control Act became effective December 15, 1970. Section 259 of the Act declares:

"In addition to the provisions of law specifically amended or specifically repealed by this title, any other provision of law inconsistent with the provisions of part V [Immunity of Witnesses] of title 18, United States Code (adding by title II of this Act), is to that extent amended or repealed."

The Government urges that Section 2514, within its original intent, is not in conflict with Section 6002, that the former continues to be viable and will continue to provide transactional immunity until December 15, 1974. The Government relies upon Section 227(a) of the recent Act, which states:

"Section 2514 of title 18, United States Code, is repealed effective four years after the effective date of this Act."

From this, the Government concludes that there now exist two effective immunity statutes—a "use" immunity statute (Section 6002), and a "transactional" immunity statute (Section 2514).

The witness' response to the position urged by the Government is that while Section 2514 is not to be repealed in its entirety until 1974, to the extent that it provides transactional immunity, it has already been repealed by Section 259, and will survive until 1974 only as a "use" immunity statute. The witness' contention has some support in the legislative history.[11]

This Court must first determine whether Section 259 of the Organized Crime Control Act changes 18 U.S.C., Section 2514 into a use-immunity statute. If the answer is in the affirmative, the Court must then determine whether, as so effective, Section 2514 is in fatal variance with the Fifth Amendment.

█ Statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible avoid an absurd or unreasonable result. Albrecht v. Herald Co., 367 F.2d 517, 525 (8 Cir. 1966); In re Jackson, 268 F.Supp. 434, 441 (E.D.Mo.1967), aff'd sub nom. Zuke v. Mercantile Trust Co., Nat'l. Ass'n., 385 F.2d 775 (8 Cir. 1967). In construing a statute, it is necessary to give effect to all its provisions if possible, and different portions of the act will not be held to be repugnant if they can be reconciled. Fisher v. District of Columbia, 82 U.S.App.D.C. 371, 164 F.2d 707, 708–709 (1948). However inclusive may be the general language of the statute, it will not be held to apply or prevail over matters specifically dealth with in another part of the same enactment. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704 (1932); Sun Ins. Co. of New York v. Diversified Engineers, Inc., 240 F.Supp. 606 (D.Mont.1965).

9. 1970 U.S.Code Cong. and Adm.News, pp. 4008, 4017–4018, 4050, 4089.

10. N. 4, *supra.*

11. See letter dated April 7, 1970, to Congressman Emanuel Celler, Chairman, Committee on the Judiciary, from William E. Foley, Acting Director, Administrative Office of the U.S. Courts, attached to and made a part of House Report No. 91–1549:
"This is in further reply to your letter * * * requesting the views of the Judicial Conference of the United States on S. 30, relating to the control of organized crime in the United States.
  *     *     *     *     *
"Title II would make uniform a large number of immunity statutes. Its provisions are substantially identical to those contained in H.R. 11157, 91st Congress, which was approved by the Conference at the October 1969 session (Conference Report, p. 64). Upon recommendation of the committee the Conference reaffirmed its approval of this proposal."
1970 U.S.Code Cong. and Adm.News, p. 4050.

■ The witness' interpretation of Section 259 would have the effect of rendering meaningless Section 227 which preserves 18 U.S.C., Section 2514 for four years after the effective date of the Act. Clearly, Part V of the Act (Immunity of Witnesses: Sections 6001–6005) is a general immunity statute and both by the legislative history and its language, is available for, and applicable to judicial, executive and legislative investigations, alike. 18 U.S.C.A., Section 6002. But it seems equally apparent that Part V was not intended to immediately become the sole and exclusive immunity statute. Had such been the case, one might expect that Congress would simply have inserted a provision repealing the other immunity statutes, effective immediately. But Congress did not do so, and the Court may not read such a repeal by implication. United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 84 L.Ed. 181 (1939); State of Georgia v. Pennsylvania R. Co., 324 U.S. 439, 456–457, 65 S. Ct. 716, 89 L.Ed. 1051 (1945). Instead, Section 227 specifically repeals 18 U.S.C., Section 2514 four years after the effective date of the Act. This specific section must control over any implication of immediate repeal in the general language of Section 259.

■ The witness' argument is that because the grant of transaction immunity under 18 U.S.C., Section 2514 is not identical with or similar to the grant of use immunity under Part V of the Act, it is "inconsistent" within the meaning of Section 259, and has thereby been specifically repealed. Webster's Third New International Dictionary defines *inconsistent* as: "so related that both or all cannot be true or containing parts so related;" "logically inconsequent;" and "incongruous, incompatible, irreconcilable." The word "inconsistent" as used within the rule that no acts or parts of acts are repealed except such as are inconsistent with new enactment does not mean merely inharmonious or unsymmetrical but connotes impossibility of concurrent operative effect. Belknap v. Shock, 125 W.Va. 385, 24 S.E.2d 457, 460; 20A Words and Phrases, "Inconsistent Statute", p. 347.

■ Nothing in the language or history of 18 U.S.C., Section 2514 obstructs, opposes or is irreconcilable with the use immunity in Part V of the Act. Section 6002 commences, "Whenever a witness refuses * * * and the person presiding over the proceeding communicates to the witness an order issued under this part * * *." The language is not mandatory; the presiding officer may choose to seek an order issued under the provisions of Part V or he may choose to seek an order issued under the provisions of another enactment such as 18 U.S.C., Section 2514. That the scope of the order may be different does not make it irreconcilable with Part V. The intention of the legislature to repeal a statute must be clear and manifest, and it is not sufficient to establish that a subsequent law covers some or all of the cases provided for by the prior act. There must be a positive repugnancy between the provisions of the new law and those of the old, and even then the old law is repealed by implication only, pro tanto, to the extent of the repugnancy. United States v. Borden Co., *supra;* Commissioner of Internal Revenue v. Rivera's Estate, 214 F.2d 60, 63 (2 Cir. 1954); Coleman v. United States, 363 F.2d 190, 198–199 (9 Cir. 1966). Section 259 accomplishes nothing more than a statutory expression of the judicial rule.

■ Accordingly, this Court holds that 18 U.S.C., Section 2514 has not been amended or repealed by Section 259 of the Organized Crime Control Act of 1970; that Section 2514 continues to provide transaction immunity, and that it is not in conflict with the Fifth Amendment of the Constitution.