**Robert R. McCLUNG and Janet McClung, Plaintiffs,**

v.

**LaSALLE NATIONAL BANK OF CHICAGO, ILLINOIS et al., Defendants.**

**Civ. No. 74-203-2.**

United States District Court, S. D. Iowa, C. D.

Jan. 14, 1975.

**978**

Harry T. Watts and Arthur F. Owens, Des Moines, Iowa, for plaintiffs.

John C. Eddy and Merrick Scott Rayle, Des Moines, Iowa, for defendant Bank and Drevant.

No appearance for defendants Ramsey.

Theodore T. Duffield, Des Moines, Iowa, for defendants Jackson.

HANSON, Chief Judge.

The Court has before it a motion to dismiss filed by defendant LaSalle National Bank on November 15, 1974. In this motion LaSalle contends that, in light of 12 U.S.C. § 94, venue is proper as to it only in the federal district wherein it is established or located—in this instance the Northern District of Illinois. Defendant has conceded that the Court may in its discretion transfer the case to that district, as opposed to granting dismissal.

Section 94 of Title 12, United States Code, the venue provision for national banks, reads as follows:

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Plaintiffs do not contest LaSalle's assertion that it is "established" and "located" in the Northern District of Illinois for purposes of § 94. Rather, they contend that the venue provisions of that section must yield to the venue provisions of the federal securities acts. Section 27 of the 1934 Securities Exchange Act provides as follows:

The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant

may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 225 and 347 of Title 28. No costs shall be assessed for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts. 15 U.S.C. § 78aa.

The venue provisions of the 1933 Act are substantially the same. 15 U.S.C. § 77v.

In a nutshell, LaSalle contends that it can only be sued in the Northern District of Illinois, no matter what the basis of the litigation; plaintiffs contend that in federal securities lawsuits the broader venue provisions of the 1933 and 1934 Acts have precedence.

Oral argument was held on this issue on December 18, 1974. Since that time the Court has studied counsels' exhaustive and well-prepared briefs with interest. Those documents reveal that, basically, the battle lines are drawn on this issue: the 3rd Circuit has adopted the plaintiffs' broad venue approach, while the 9th and 2nd Circuits have upheld the sanctity of § 94. *See* Ronson Corp. v. Liquifin Aktiengesellschaft, 483 F.2d 852 (3rd Cir. 1973); United States National Bank v. Hill, 434 F.2d 1019 (9th Cir. 1970); Burns, Nordeman & Co. v. American National Bank and Trust Co., 394 F.2d 300 (2d Cir.) cert. denied, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968). *See also*, Carpenter v. Hall, 352 F.Supp. 806 (S.D.Texas 1972), wherein the court states "the numerical weight of the opinions is in favor of 12 U.S.C. § 94 and against the application of Section 27 venue." *Id.* at 808. While the Court is appreciative of the extensive briefings both parties have supplied in this issue, the number of cases already existing on this point renders questionable the need for a lengthy dissertation by this tribunal. Instead, the Court will highlight only those factors which it deems most crucial to the resolution of this issue.

First, the Court notes that plaintiffs' complaint is in nine counts. Six of these counts allege actions under either the Iowa Securities Act, Chapter 502, Code of Iowa (1973), or common law theories. Only three of plaintiffs' counts are under the broad venue provisions of the federal securities acts. As plaintiffs' counsel conceded at oral argument, plaintiffs would *have* to bring their lawsuit in federal court in Illinois if they were suing solely under the Iowa theories.

Second, plaintiffs also concede that while suing in this district raises the issue of doing violence to § 94, a transfer to Illinois violates the terms of *neither* the securities act nor the banking act.

 Moving from the practical aspects unique to this case to the more general legal issues, the Court believes that the basic thrust of plaintiffs' position is that § 94 has been impliedly repealed by the venue section of the securities acts. As stated by the United States Supreme Court in United States v. Borden Co., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181 (1939),

> [i]t is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible. . . . The intention of the legislature to repeal "must be clear and manifest". . . . It is not sufficient . . . "to establish that subsequent laws cover some or even all of the cases provided for by [the prior act]; for they may be merely affirmative, or cumulative, or auxiliary". There must be a "positive repugnancy between the provisions of the new law and those of the old; and even then the old law is repealed by implication only, *pro tanto*, to the extent of the repugnancy". (Citations omitted.) *Id.* at 198–199, 60 S.Ct. at 188.

*See also* In re Brown, 329 F.Supp. 422 (S.D.Iowa 1971). Plaintiffs have failed to show the requisite fatal repugnancy to establish this test. Accordingly, this Court must concur with the holding in General Electric Credit Corp. v. Talcott, 271 F.Supp. 699 (S.D.N.Y.1966) that the

venue provision of the National Bank Act has been carried over into the securities acts and

"that the later (sic) acts are limited accordingly by the exemption so granted to national banks, and that, therefore, suit against a national bank under the Securities Exchange Acts can only be maintained in the district in which it is established." 271 F. Supp. at 708.

The Court notes that its holding that § 94 applies to this case is no way inconsistent with the case of Burns v. American National Bank and Trust Co., 479 F.2d 26 (8th Cir. 1973), a case heavily relied upon by the plaintiffs. In fact, *Burns* was a ruling on subject matter jurisdiction in which the Eighth Circuit reversed a dismissal on those grounds by Judge Stuart. That case involved a national bank from Chicago, however, and upon its remand to Judge Stuart, he transferred the case to the Northern District of Illinois in reliance on the mandatory nature of § 94 of the National Bank Act. *See* Order and Ruling, Fisher v. First National Bank of Chicago, Civil No. 11–352–C–1 (S.D.Iowa 1974). Thus, the case is anything but helpful to plaintiffs' cause here.

■ Having determined that § 94 controls this litigation, the Court must consider plaintiffs' contention that LaSalle has waived its privileges under that statute. The Court deems that the controlling law on this issue is that delineated by Judge Stuart in Fisher v. First National Bank of Omaha, 338 F. Supp. 525 (S.D.Iowa 1972). Under that standard the Court cannot say that plaintiffs have shown LaSalle has voluntarily relinquished the right to be sued in the district where it is established.

While the Court thus concludes that defendant LaSalle should prevail on its legal theories, the sanction of dismissal seems unduly harsh. Accordingly, pursuant to 28 U.S.C. § 1406(a), IT IS HEREBY ORDERED that this cause of action, in its entirety, be transferred to the Northern District of Illinois, where defendant LaSalle is established.